NO. 07-12-0051-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

DECEMBER 20, 2012

———————————————————

TOLEDO RAY MARTIN,

Appellant

v.

THE STATE OF TEXAS,

Appellee

———————————————————

FROM THE CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY;

NO. 0895988W; HONORABLE SHAREN WILSON, PRESIDING

———————————————————

*Memorandum Opinion*

———————————————————

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

Appellant, Toledo Ray Martin, appeals the revocation of his probation for the felony offense of driving while intoxicated and his sentence of ten years confinement. He contends the trial court erred in overruling his hearsay and *Crawford* objections to certain evidence and denied him due process rights by the same rulings. We affirm the judgment.

Appellant pled guilty to driving while intoxicated in 2003 and was placed on ten years probation. In 2011, the State sought to revoke his probation, alleging he had

violated the conditions of probation by 1) causing bodily injury to Tommy Carr by striking him with his hand or biting him with his teeth on June 15, 2011, 2) consuming alcohol on June 15, 2011, 3) using cocaine on January 4, 2006, 4) failing to report for the month of April 2011, 5) submitting diluted urine specimens on February 1, 2006, March 10, 2006, and March 15, 2006, and 5) being in possession of alcohol on August 7, 2006. Appellant plead "not true" to each allegation. After a hearing, the trial court found appellant had violated each alleged condition except the fourth one and sentenced him to ten years confinement.

Appellant complains of the hearsay testimony of State's witnesses Rodney Knotts and Cynthia Whiteman. Knotts was a senior court officer for the probation department and testified to the contents of the business records of that department, specifically that appellant admitted to using cocaine on January 4, 2006. Whiteman was a forsensic analyst at Norchem Drug Testing who testified from business records that three of appellant's urine specimens contained a creatinine level below that of valid testing and so were considered diluted.

We need not determine whether the trial court erred in admitting the testimony of the two witnesses. This is so because any one ground is sufficient to support the revocation of appellant's probation. *Moore v. State,* 605 S.W.3d 924, 926 (Tex. Crim. App. 1980). Tommy Carr testified that appellant assaulted him on June 15, 2011, and that appellant was drinking alcohol on that date. Although appellant denied those allegations, the trial court was the sole judge of the credibility of the witnesses and the weight to be given their testimony. *Garrett v. State,* 619 S.W.2d 172, 174 (Tex. Crim. App. 1981). Therefore, the trial court had before it evidence from which it could have

2

concluded that appellant had committed those alleged violations of his probation. *See Lewis v. State*, No. 07-08-0307-CR, 2009 Tex. App. LEXIS 4254, at *3 (Tex. App.–Amarillo June 10, 2009, pet. ref'd) (not designated for publication) (sustaining the decision to revoke probation because, among other things, the appellant failed to challenge all grounds to revoke found true by the trial court). Thus, even without the testimony of the two challenged witnesses, the trial court had basis upon which to revoke appellant's probation.

Accordingly, the judgment is affirmed.


Per Curiam

Do not publish.